**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**(Tampa Division)**

|  |  |
|---|---|
| **United States Securities and Exchange Commission** : | |
| *Plaintiff,* : | |
| : | |
| *vs.* : | Case No.8:07-cv-159-T-24-MAP |
| **Aleksey Kamardin,** : | |
| *Defendant,* : | |
| : | |

## ORDER

This cause comes before the Court on Plaintiff's motion for default judgment.  (Doc. No. 11, 13).  As explained below, the Court grants the motion.

## I.  Background

Plaintiff, the United States Securities and Exchange Commission, filed a complaint against Defendant Aleksey Kamardin, in which Plaintiff alleges the following: Kamardin used the internet to participate in a scheme whereby he bought shares of thinly-traded issues while others, acting in concert, surreptitiously usurped the online trading accounts of victim investors at various broker-dealers, liquidated the investors' existing equity positions, and then used the resulting proceeds to purchase thinly-traded stocks in the investors' accounts in order to create the appearance of trading activity and to inflate the price of the stocks.  Simultaneously with the unauthorized intrusions into the victims' accounts, Kamardin sold off the shares he purchased in his own account for a gain caused by the unauthorized, concurrent trading of the same stocks without the knowledge of the victim account holders.  Between July 13 and August 25, 2006, Kamardin traded in a total of seventeen issuers whose stock prices were manipulated through unauthorized online intrusions into unknowing investors' accounts on the same days as his trades.  Due to this scheme, Kamardin realized profits totaling $82,960.18.

Plaintiff asserts two claims against Kamardin: (1) violations of Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)) and (2) violations of Section 10(b) of the Exchange Act (15 U.S.C. § 78(b)) and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5).  Kamardin failed to respond to the complaint, and default was entered against him on May 17, 2007.  (Doc. No. 10). Thereafter, Plaintiff filed the instant motion for default judgment.

## II.  Motion for Default Judgment

In its motion for default judgment, Plaintiff requests a permanent injunction, disgorgement of profits with prejudgment interest, and a third tier civil penalty of $130,000. Accordingly, the Court will analyze each component of the requested relief.

### A.  Injunction

Plaintiff "is entitled to injunctive relief when it establishes (1) a prima facie case of previous violations of federal securities laws, and (2) a reasonable likelihood that the wrong will be repeated." S.E.C. v. Calvo, 378 F.3d 1211, 1216 (11th Cir. 2004)(citation omitted); see also S.E.C. v. Unique Financial Concepts, Inc., 119 F. Supp.2d 1332, 1338 (S.D. Fla. 1998)(citations omitted).  "Indicia that a wrong will be repeated include the egregiousness of the defendant's actions, the isolated or recurrent nature of the infraction, the degree of scienter involved, the sincerity of the defendant's assurances against future violations, the defendant's recognition of the wrongful nature of the conduct, and the likelihood that the defendant's occupation will present opportunities for future violations. Calvo, 378 F.3d at 1211 (quotation marks and citations omitted).  Based on the arguments made in Plaintiff's memorandum and citations to authority, and given the allegations in the complaint that remain undisputed and

Kamardin's failure to defend against these claims, the Court finds that Plaintiff is entitled to the injunctive relief contained in its proposed order.

### B.  Disgorgement of Profits

Plaintiff also seeks disgorgement of the $82,960.18 Kamardin realized through this fraudulent scheme.  "'Disgorgement is an equitable remedy designed to deprive a wrongdoer of his unjust enrichment and to deter others from violating securities laws.'" S.E.C. v. Hughes Capital Corp., 124 F.3d 449, 455 (3d Cir. 1997)(quoting SEC v. First City Fin. Corp., 890 F.2d 1215, 1230 (D.C. Cir. 1989)).

Plaintiff "is entitled to disgorgement upon producing a reasonable approximation of a defendant's ill-gotten gains." Calvo, 378 F.3d at 1217 (citations omitted).  "Exactitude is not a requirement; so long as the measure of disgorgement is reasonable, any risk of uncertainty should fall on the wrongdoer whose illegal conduct created that uncertainty." Id. (quotation marks, alterations, and citations omitted).  Upon consideration, the Court finds that Plaintiff has sufficiently shown that Kamardin realized $82,960.18 through the fraudulent scheme.  Accordingly, the Court will order disgorgement of the $82,960.18 that Kamardin realized.

### C.  Prejudgment Interest

Plaintiff also seeks prejudgment interest on the amount of disgorgement at the interest rate that the IRS uses to determine interest due on underpaid taxes.  Thus, Plaintiff seeks $5,085.50 in prejudgment interest.[1]

The decision to grant prejudgment interest, as well as the rate at which interest is awarded, is within the Court's discretion. S.E.C. v. Carrillo, 325 F.3d 1268, 1273 (11th Cir.

---

[1]Plaintiff sets forth its calculation of prejudgment interest in Exhibit F to Doc. No. 13.

2003)(citing <u>Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH</u>, 141 F.3d 1434, 1447

(11th Cir. 1998)).  "Prejudgment interest is imposed . . . to divest those found liable under the

securities laws of any benefit accrued from the use of the ill-gotten gain."  <u>S.E.C. v. Yun</u>, 148 F.

Supp.2d 1287, 1293 (M.D. Fla. 2001)(citation omitted).  Whether to award prejudgment interest

is a question of fairness, and the Court must consider the equities.  <u>See</u> <u>Osterneck v. E.T.</u>

<u>Barwick Indus., Inc.</u>, 825 F.2d 1521, 1536 (11th Cir. 1987)(citation omitted).  Upon

consideration, the Court finds that prejudgment interest should be awarded in this case in order

to divest Kamardin of any benefit that has accrued from the use of the ill-gotten gain.

While courts vary in how they determine prejudgment interest, using the IRS

underpayment rate has been done without controversy.  <u>See</u> <u>Yun</u>, 148 F. Supp.2d at 1293 (citation

omitted).  "That rate reflects what it would have cost to borrow the money from the government

and therefore reasonably approximates one of the benefits the defendant derived from its fraud."

<u>S.E.C. v. First Jersey Securities, Inc.</u>, 101 F.3d 1450, 1476 (2d Cir. 1996)(citations omitted).

Upon consideration, the Court will use that rate in determining prejudgment interest in this case.

Accordingly, the Court awards Plaintiff $5,085.50 in prejudgment interest.

**D.  Civil Penalty**

Plaintiff also seeks a third tier civil penalty of $130,000 pursuant to 15 U.S.C. §

77t(d)(2)(C) and 15 U.S.C. § 78u(d)(3)(B)(iii).[2]  According to those statutes, a third tier civil

penalty is available if (1) the securities violation involved fraud, deceit, manipulation, or

deliberate or reckless disregard of a regulatory requirement, and (2) the violation directly or

---

[2]The original amounts of civil penalties in § 77t and 78u have been adjusted to take into
account for inflation.  The adjusted amounts can be found at
http://www.sec.gov/rules/final/33-8530.htm.

4

indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons.  15 U.S.C. § 77t(d)(2)(C); 15 U.S.C. § 78u(d)(3)(B)(iii).  The Court finds that Kamardin's securities violations involved fraud, deceit, and manipulation, and they directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons.  As such, a third tier civil penalty of $130,000 is appropriate and will be awarded.

**III.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)    Plaintiff's motion for default judgment (Doc. No. 11) is **GRANTED**.

(2)    Defendant Kamardin is liable for disgorgement of $82,960.18, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,085.50, for a total of $88,045.68.  The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment.  In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense.  Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying Aleksey Kamardin as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action.  Defendant

relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendant.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent (10%) of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

(3)     Defendant Kamardin shall pay a civil penalty in the amount of $130,000 pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the United States Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, United States Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and

shall be accompanied by a letter identifying Aleksey Kamardin as the defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

(4)     The Court grants Plaintiff the following permanent injunction:

Defendant Aleksey Kamardin and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

Defendant Aleksey Kamardin and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

(5)    The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

(6)    The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of June, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record